NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC LUTHER RUSSELL, | ) | No. C 10-00865 JF (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| SAN FRANCISCO POLICE DEPT., et al., | ) | |
| Defendants. | ) | |

Plaintiff, a pretrial detainee at the San Francisco County Jail proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the San Francisco Police and Sheriff Departments and their employees. In his complaint, Plaintiff states that he did not file present his claims for review through the grievance procedure. Consequently, this case is DISMISSED without prejudice for failure to exhaust administrative remedies.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Ngo, 548 U.S. at 93.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.  Here, it is obvious from the face of the complaint that Plaintiff did not exhaust his administrative remedies, (Complaint at 2), and no exception to exhaustion is alleged or apparent in the complaint.  He states that the reason he did not present his claims for review through the grievance procedure was because he was "afraid it would be thrown away . (Id.)  This does not excuse the PLRA's requirement of "proper exhaustion" under Ngo: "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without

imposing some orderly structure on the course of its proceedings." 548 U.S. at 90-91 (footnote omitted).

Section 1997e(a) requires that Plaintiff present his claim to each level of administrative review available to him before raising the claim in a § 1983 complaint in federal court. As it is clear from the complaint that Plaintiff has not "properly exhausted" his claims by pursuing all levels of administrative review available to him and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to Plaintiff's refiling his claim after all available administrative remedies have been exhausted.

IT IS SO ORDERED.

DATED: 4/22/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ERIC LUTHER RUSSELL,

        Plaintiff,

v.

SAN FRANCISCO POLICE DEPT, et al.,

        Defendants.

Case Number: CV10-00865 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/30/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Luther Russell 2425113
San Francisco County Jail
P.O. Box 67
Cell #5
San Bruno, CA 94066

Dated: 4/30/10

        Richard W. Wieking, Clerk